UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

1st AMENDED COMPLAINT OF

ANDREW P. KALICK

Civil No.: 10cv06229 (JBS-KMW)

**PARTIES**

1. PLAINTIFF Andrew P. Kalick, is a natural person residing at 47 George Street, Mount Ephraim, NJ 08059.

2. DEFENDENTS Oaklyn Borough, Mount Ephraim Borough; In their individual (personal) and official capacity(ies), Judge Daniel Bernardin, Oaklyn Borough Municipal Court Prosecutors Paul C. Dougherty, Shawn Huber; In the individual (personal) and official capacities-Alice Max-Court Administrator, In their individual (personal) and official capacity(ies) - (Mt. Ephraim police officer) Danielle Perna; John Doe Court and Assistant Clerks 1-5; Jane Doe Court and Assistant Court Clerks 5-10; John Does 1-5; Jane Does 1-5.

Address of Oaklyn Borough: 500 White Horse Pike, Oaklyn, NJ 08107. Mount Ephraim Borough: 121 S. Black Horse Pike, Mount Ephraim, NJ 08059. Official Address of Judge Bernardin, Prosecutors Dougherty and Huber, Alice Max, John/Jane Doe Court and Assistant Clerks 1-5/5-10: 500 White Horse Pike, Oaklyn, NJ 08107. White Horse Pike, Oaklyn, NJ. Official address of Danielle Perna: 121 S. Black Horse Pike, Mount Ephraim, NJ 08059.

## JURISDICTION

This court has jurisdiction under the U.S. Constitution (Bivens) by itself and through 42 U.S.C. 1983. 28 U.S.C. 1331 is supplemental of the jurisdiction.

## STATEMENT OF COMPLAINT

For his complaint, Andrew P. Kalick:

I.
Andrew P. Kalick brings this cause for violation of his rights contained in and protected by the U.S. Constitution by itself and through 42 U.S.C. 1983 which states in part, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity..." Specifically:

1. <u>Fourth Amendment</u>: Defendants violated and deprived him of his right to freedom from unreasonable seizure; causing an arrest warrant to issue without probable cause. A. Defendant Perna unreasonably seized Plaintiff for an alleged operating/parking an unregistered motor vehicle. B. Defendant(s) perjured testimony and/or caused a warrant to issue without any affidavit. There having been perjured testimony to adduce probable cause or there being no affidavit or probable cause to seek/apply for and cause a warrant to issue for Plaintiff's arrest to answer for alleged contempt of court for an alleged failure to answer an alleged operating/parking an unregistered motor vehicle. Defendant(s) were without subject-matter jurisdiction. Defendant(s) did not affirmatively determine jurisdiction relating to probable cause for plaintiff's seizure in the first instance

when it was called into question. All acts are without jurisdiction. Defendant(s) must have filed a sworn Complaint-Warrant (CDR2) form and any other papers/affidavits, whereby Defendant(s) infringed, violated, and deprived Kalick's liberty interest and substantive due process by causing a warrant for arrest to issue and concurrently initiating a baseless contempt of court charge for an alleged failure to answer an unregistered vehicle complaint. Further, while in aid of and in furtherance to carrying out these harms,

2. U.S. Fourteenth Amendment: Under the Due Process Clause of the Fourteenth Amendment, Defendant(s) violated and deprived him of his right to be free to travel and secure in his person while traveling or at his home against unreasonable seizure from the warrant outstanding.

3. U.S. Sixth Amendment: Defendant(s) have deprived Kalick of the right to a speedy trial and to be confronted with witnesses (Perna) against him, delaying the underlying case unconstitutionally, then maliciously and unlawfully instituting the contempt of court charge and accompanying warrant.

4. Under U.S. Fourth Amendment Abuse of Process: Defendants illegally engaged in abuse of process (warrant/contempt) and unlawful malicious prosecution and/or use of process. Defendant(s) did know that Kalick did in fact answer the charge of allegedly operating an unregistered vehicle.

Prior to a contempt of court/warrant notice, a notice was mailed from Oaklyn Borough Municipal Court stating that an increased initial fine can be paid for allegedly failing to appear. Plaintiff called the Oaklyn Borough Municipal Court and stated to who he believes may have been Alice Max or otherwise clerks (John/Jane Does 1-10). Whomever the person, the defendant hung up on Kalick after talking down to him.

Defendant(s) resort to legal process constitutes unlawful abuse of process. Defendant(s) have engaged in the perverted use of legal procedure that is neither warranted nor authorized by law. Additionally, Defendant(s) have an ulterior motive for applying for a warrant for Kalick's arrest. Defendants utilized this legal process to not only effectuate the Constitutional harms but to intimidate, harass, and coerce the plaintiff in order to obtain a collateral advantage.

Plaintiff's municipal court case for an alleged driving an unregistered motor vehicle has been pending since June 2010. The judge has failed to dismiss the case and the prosecutor(s) has failed to prosecute the case. By New Jersey Supreme Court practice, this case has already harmed Kalick's right to a speedy trial. Plaintiff did not accept an offer of the Defendant(s), under threat of a warrant for his arrest to pay the original fine plus a surcharge. It is then that Defendant(s) maliciously applied for a warrant for Kalick's arrest for alleged contempt of court (which carries jail time) for allegedly failing to appear/not answering the charge. Defendant(s) motive was/is to harm and attempt to extract payment (under $100) for an alleged violation that the Defendant(s) does not prosecute and the court did not adjudicate.

5. <u>Under U.S. Fourth Amendment Malicious Prosecution/Use of Process:</u> Acting as witnesses under color of law, Defendant(s) are concurrently and equally liable to Kalick for malicious prosecution/use of process. In light of the circumstances of the underlying alleged unregistered vehicle case, Defendant(s) could not have reasonably believed Kalick guilty of contempt of court in relation to an allegedly unanswered traffic summons. Rather, Defendant(s) intentionally and maliciously, without probable cause in

violation of his Fourth Amendment rights, submitted under oath false facts or otherwise without an oath or without an affidavit or oath whatever to effect an arrest warrant in the name of Kalick to coerce, harass, intimidate, and deprive the liberty interest of Kalick for allegedly failing to answer a summons where the Defendant(s) knew that he had in fact not only answered the complaint, but was/is categorically defending that action. The underlying alleged unregistered vehicle case is deemed to be abandoned for failure to prosecute.

II.

1. Officer Danielle Perna, a Mt. Ephraim police officer, stopped Kalick's vehicle on 06/29/2010 and issued a citation for an alleged unregistered vehicle. Perna violated Kalick's aforementioned rights for stopping his vehicle without probable cause; unreasonably seizing plaintiff.

2. The original court date (identified on the ticket) was postponed. Plaintiff called the Court within at least 5 days of July 14, 2010, speaking to unknown defendant in which he entered a not guilty plea. This defendant attempted to discuss and/or garner information from plaintiff regarding the facts about the case. Plaintiff declined and stated to defendant that he was calling to simply plead not guilty. Defendant then stated that she would have to postpone for a later date because the docket was too full. Defendants recently indicate and allege that Plaintiff failed to appear on July 14, 2010. The ticket summons identified Oaklyn Borough Municipal Court as the adjudicating body. Mt. Ephraim and Oaklyn Boroughs have entered into an agreement to either share court resources or to merge into a "Joint" court. Judges of "Joint" courts by the Constitution of the State of New Jersey requires judges presiding on such courts be nominated by the Governor of New Jersey. It is not clear yet which legal category of a court it is or whether Judge Bernardin has been appointed by a governor. Plaintiff has a cause under the New Jersey State Constitution to enforce the provision in the State Constitution both as a prima facia matter and as it relates to the legal implications in this case, both jurisdictionally and otherwise.

3. Kalick appeared on record twice in open court entering a not-guilty plea. Kalick spoke briefly with Huber, who asked if Kalick was an attorney.

4. Kalick motioned, via certified mail, in the Oaklyn Borough Municipal Court to dismiss the case on Constitutional grounds.

5. This motion (#4) was read in open court and recorded by Judge Daniel Bernardin.

6. Judge Daniel Bernardin did not rule on the motion to dismiss (#4,5).

7. Defendant(s) continued the case multiple times from July through November.

8. Judge Bernardin would not grant the motion to dismiss, despite this second absence of the prosecution's witness (Perna).

9. Kalick expressed a right to a speedy trial and Judge Bernardin reiterated this right.

10. Plaintiff's employment prospects in law enforcement was significantly disrupted by Defendant(s) violation and deprivation of his Constitutional rights.

11. Plaintiff eventually went to the state of Florida for employment purposes for a period of time, returning in November.

12. Plaintiff returned to find a notice dated 11/19/2010 from Oaklyn Borough Municipal Court stating "that a warrant for your arrest for contempt of court *as a result of an unanswered traffic summons has been issued.*"(emphasis added).

13. Alice Max's name is entered on the notice (#12) as the Court Administrator.

14. A warrant has been issued and is currently outstanding, being referred to the Mount Ephraim Police Department, with bail set at $89.00.

15. As of yet unknown defendant(s), under the Fourth Amendment per *Gerstein v Pugh*, must have swore to facts establishing probable cause for an arrest warrant to be issued on a charge of contempt of court.

16. Those defendant(s) knew or reasonably should have known that Plaintiff answered the summons over the phone AND appeared in Oaklyn Borough Municipal Court to answer the traffic summons.

17. In the State of New Jersey, there is direct and indirect contempt.

18. Plaintiff diligently and faithfully appeared before the court and answered the summons over a period of months. All cases in New Jersey are subject to speedy trial rights.

19. Plaintiff had direct and indirect interactions (in person and over the phone) with defendant prosecutors, court administrators, judge Bernardin, in court police officers, and John/Jane Does 1-10 while in the court or in conjunction with the municipal case (OM 028825), while one of the ONLY litigant party present in the courtroom.

20. It is an apparent policy of the court to keep those persons contesting charges to the very end.

21. Defendant(s) (those who caused the arrest warrant on a charge of contempt of court) were acting as a witness in their individual capacity(ies) and under the color of law in their official capacity(ies).

22. Those Defendant(s) who caused the warrant for arrest on a contempt of court charge (#21) were acting as a witness in signing an affidavit or other legal instrument to cause an arrest for the contempt of court charge allegation.

23. Those Defendants who caused the warrant for arrest on a contempt of court charge (#21) were acting under the color of law in their official capacity(ies) by using their authority under the law to issue process and [swear to facts (whether or not defendant(s) did so) and/or information] to a judge or Defendant(s) to issue a warrant and initiate prosecution on contempt charges. These defendant(s) used the authority and power of their offices, relating to a quasi-adversarial proceeding, to gain an unfair and unlawful advantage in an attempt to jail, coerce and/or otherwise intimidate Kalick. These defendant(s), in both capacities, unconstitutionally and unlawfully deprived him of his liberty interest to be free from being falsely accused in a criminal prosecution and arrested and to be free from having to answer charges of a baseless criminal prosecution.

24. It is these actions of these defendants (#21-23) that deprives Plaintiff of federal rights.

25. These defendants have initiated a "criminal prosecution…whether [or not] it prompts an arrest, [and has] immediately produce[ed] "a wrenching disruption of everyday life." *Young v. United States ex rel. Vuitton et Fils*, 481 U.S. 787, 814 (1987). Every prosecution, like every arrest, "is a public act that may seriously interfere with the defendants liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *United States v. Marion*, 404 U.S. 307, 320 (1971). Defendant(s), here, have done so to Kalick. Specifically, defendants have caused Kalick anxiety and emotional distress and have prejudiced and disrupted his employment prospects and to engage in economic subsistence thereof in the short-term as well as long term.

26. These defendant(s) are liable for damages in both individual and official capacities by and through defendant boroughs for violations of the U.S. Constitution through 42 U.S.C. 1983. Mt. Ephraim borough is additionally liable for negligence in propagating and allowing a custom to subsist where plaintiff and individuals are unlawfully seized for alleged "registration offenses" and constitutes their indifference to the Constitutional rights of plaintiff and other individuals who operate private non-commercial motor vehicles.

## JURY TRIAL

Plaintiff respectfully demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays this Court issue equitable relief as follows:

1. Declaratory/Injunctive relief recalling the warrant and dismissing the contempt of court and unregistered motor vehicle allegations with prejudice.

2. Award other injunctive, declaratory, and other equitable relief as the Court deems necessary and just.

3. Award Plaintiff Compensatory and Punitive Damages.

Andrew P. Kalick, Pro se

Andrew P. Kalick
7 George Street
W. Ephraim, NJ 08059

RECEIVED
AT 8:30
DEC 21 2010
WILLIAM T WALSH
CLERK ___ N

12/21

7009 2820 0002 0950 9458

2797

Clerk of Court
Mitchell H Cohen Bldg &
U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101





U.S. POSTAGE
PAID
AUDUBON, NJ
08106
DEC 20, '10
AMOUNT
$7.70
00032505-11

1021
08101

