```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ANDREW P. KALICK, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, |  |
|  | Civil No. 10-6229 (JBS/KMW) |
| v. |  |
| OAKLYN BOROUGH, et al., | **MEMORANDUM OPINION** |
| Defendants. |  |

**SIMANDLE**, District Judge:

    This matter is before the Court for preliminary screening of the Amended Complaint filed by pro se plaintiff Andrew P. Kalick, naming as defendants various municipalities and municipal agents both in their individual and official capacity.  The Court finds as follows:

    1.  Plaintiff brings this action alleging constitutional violations pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that after receiving a traffic summons for driving an unregistered motor vehicle, Defendants maliciously alleged contempt of court for failure to appear and issued a warrant for Plaintiff's arrest.  Compl. ¶ 4, p. 3.  Plaintiff argues that Defendants' motive was to "harm and attempt to extract payment (under $100)" from Plaintiff.  Id.  He seeks declaratory and injunctive relief recalling the state court's warrant and dismissing contempt of court charges, as well as an underlying summary for driving an

unregistered vehicle; Plaintiff also seeks compensatory and punitive damages.

    2.  Plaintiff's municipal court case has been pending since June 2010.  According to the Complaint, Plaintiff telephoned the court and entered a plea of not guilty.  Id. at ¶ 2, p. 5.  Afterwards, Plaintiff traveled to the state of Florida and remained there for an undisclosed time.  Id. at ¶ 11, p. 6.  Upon returning, Plaintiff received a notice dated November 19, 2010, stating that "a warrant for your arrest for contempt of court as a result of an unanswered traffic summons has been issued."  Id. at ¶ 12, p. 6.  The Complaint before this Court alleges that the warrant deprived Plaintiff of federal rights.  Id. ¶¶ 23-24, p. 7.  Plaintiff seeks declaratory, injunctive, and equitable relief quashing the warrant and dismissing the underlying traffic citation and contempt charges.

    3.  Plaintiff attached an application to proceed in forma pauperis, thus the Court must first review Plaintiff's application to proceed without prepaying fees or costs.  According to the information disclosed by Plaintiff in response to this Court's inquiry of January 14, 2011, the Court finds that Plaintiff is not able to afford the normal filing fee.  The Court will grant his application and instruct the Clerk of the Court to file his Complaint without prepayment of fees.  See 28 U.S.C. § 1915(a).

4.   Second, under 28 U.S.C. § 1915(e)(2), this Court is directed to dismiss in forma pauperis actions that are frivolous, malicious, or fail to state a claim.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 (3d Cir. 2002) (interpreting the screening provisions of § 1915(e)(2) to apply to all in forma pauperis complaints, whether filed by a prisoner or not).  Also, in determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, every civil complaint must still meet the requirements of Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8 (a), Fed. R. Civ. P., a pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

5.   Plaintiff seeks dismissal of the underlying unregistered vehicle summons because the vehicle stop was "without probable cause" and led to "unreasonably seizing Plaintiff."  The Court finds that these allegations are insufficient to state a claim. In New Jersey, an officer may stop a motor vehicle when he has only an "articulable and reasonable suspicion" that the driver has committed a motor vehicle offense.  State v. Hasley, 774 A.2d

693, 697 (N.J. Super. Ct. App. Div. 2001). This reasonable suspicion is a lower standard than probable cause and provides the officer with increased discretion. State v. Stovall, 788 A.2d 746, 752 (N.J. 2002) (finding that a court must consider the totality of the circumstances and analyze the officer's observations taken together with rational inferences drawn from those facts). Thus, even taking Plaintiff's allegation that the stop was without probable cause as true, the Plaintiff has not alleged that the stop was impermissible because Plaintiff does not argue that the officer did not have articulable and reasonable suspicion.

6. Additionally, Plaintiff has pleaded no facts relating to the motor vehicle stop that would elevate Plaintiff's allegation of unreasonable seizure beyond mere legal conclusions, contrary to the requirements of Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). This Court cannot merely accept Plaintiff's labels and conclusions. Id. Thus, the complaint regarding the illegal search and seizure is dismissed without prejudice because it fails to allege "sufficient factual matter" to show that the claim is facially plausible.

7. Plaintiff further alleges violations of his civil rights stemming from his warrant for contempt of court. In Younger v. Harris, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings, even if there is an

allegation of a constitutional violation and even though all jurisdictional and justiciability requirements are met.  401 U.S. 37, 41-42 (1971).  In subsequent cases, the Court has adopted the application of Younger to claims for declaratory and injunctive relief.  Samuels v. Mackell , 401 U.S. 66 (1971) (holding that the principles of Younger are fully applicable to requests for declaratory relief).  Further, while the Supreme Court has yet to rule on the application of Younger to monetary relief, this Circuit applies the Younger abstention to bar damage suits.  See Gwynedd Properties v. Lower Gwynedd Township, 970 F.2d 1195 (3d Cir. 1992); Williams v. Hepting, 844 F.2d 138 (3d Cir. 1988). Finally, abstention is appropriate only absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule.  Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989) (setting forth test to determine if abstention is proper).

8.   Because of federal courts' abstention to avoid interference with pending state proceedings, the Court finds that the Complaint fails to state a claim upon which relief can be granted, and consequently the Complaint will be dismissed.  The state court has avenues for Plaintiff to contend the allegations of contempt of court and the unregistered motor vehicle summons. Moreover, the Supreme Court has held that federal courts may not enjoin a state court from holding litigants in contempt.  Judice v. Vail, 430 U.S. 327, 336 n.12 (1977) (reasoning that the state

5

court's preservation of its contempt power constituted sufficiently important state interest to justify abstention). Similarly, a federal injunction in favor of Plaintiff would render the motions pending before the trial court ineffectual and thus impinge on New Jersey's important interest in preserving its courts' power to enforce their orders. See Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of New York and New Jersey Police Department, 973 F.2d 169, 174 (3d Cir. 1992) (holding that it is proper to abstain from taking jurisdiction over claims of alleged constitutional violations resulting from a pending state case).

    9. Plaintiff fails to plead facts indicating an exception to abstention. See, e.g., Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982). Plaintiff's allegations that the state court has failed to rule on a motion to dismiss, postponed a court date, and issued a warrant for failure to appear are not sufficient evidence of a bad faith prosecution. See Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975) (defining bad faith prosecution as a prosecution "brought without reasonable expectation of obtaining a valid conviction"). Moreover, there is no evidence or allegation that the charge relating to contempt of court was brought against Plaintiff merely to harass. Finally, Plaintiff does not allege or suggest that abstention would be improper under "extraordinary

circumstances" since the state statute is not "flagrantly and patently violative of express constitutional prohibitions." Younger, 401 U.S. at 53.

10.  Consequently, the Court will grant Plaintiff's application to proceed in forma pauperis, but must dismiss his Amended Complaint for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915 (e)(2).  The accompanying Order shall be entered.


**August 2, 2011**             **s/ Jerome B. Simandle**
Date                           Jerome B. Simandle
                               United States District Judge